UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **Wayne E. Lamon,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil No.: |
| | ) |
| **Encore Capital Group, Inc.,** | ) |
| **a corporation, Asset Acceptance** | ) **PLAINTIFF DEMANDS TRIAL** |
| **Capital Corp., a corporation, and** | ) **BY STRUCK JURY** |
| **Asset Acceptance, LLC, a corporation,** | ) |
| | ) |
| **Defendants.** | ) |

# COMPLAINT

1. This is an action brought by the Plaintiff, Wayne E. Lamon, for actual and statutory damages, punitive damages, attorneys' fees, and costs for Defendants' negligent and willful violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq,* (hereinafter "FDCPA"). The Plaintiff also seeks compensatory and punitive damages for the Defendants' violations of Alabama's common laws set forth herein.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims. Venue is proper in that the Defendants transacted business here, and

the Plaintiff resides here.

## PARTIES

3. The Plaintiff, Wayne E. Lamon, is a resident and citizen of the State of Alabama, Madison County, and is over the age of twenty-one (21) years.

4. Defendant, Encore Capital Group, Inc., (Encore) is a corporation operating from an address of 3111 Camino Del Rio North, Suite 103, San Diego, California 92108. Encore may be served with process through its registered agent for service of process, CSC Lawyers Incorporating Service, Inc., 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833. In all respects and at all times relevant herein, Encore was doing business in the State of Alabama.  Encore is a "debt collector" as that term is defined by the FDCPA 15 U.S.C. § 1692a(6).

5. Defendant, Asset Acceptance Capital Corp., (Asset Acceptance Capital) is a corporation operating from an address of 28405 Van Dyke Avenue, Warren, MI 48093. Asset Acceptance Capital may be served with process through its registered agent for service of process, CSC Lawyers Incorporating Service, Inc., 150 South Perry Street, Montgomery, Alabama 36104. In all respects and at all times relevant herein, Asset Acceptance Capital was doing business in the State of Alabama.  Asset Acceptance Capital is a "debt

collector" as that term is defined by the FDCPA 15 U.S.C. § 1692a(6).

6. Defendant, Asset Acceptance, LLC (Asset Acceptance) is a corporation operating from an address of 28405 Van Dyke Avenue, Warren, MI 48093. Asset Acceptance may be served with process through its registered agent for service of process, CSC Lawyers Incorporating Service, Inc., 150 South Perry Street, Montgomery, Alabama 36104. In all respects and at all times relevant herein, Asset Acceptance was doing business in the State of Alabama. Asset Acceptance is a "debt collector" as that term is defined by the FDCPA 15 U.S.C. § 1692a(6).

7. Asset Acceptance, LLC is a wholly-owned subsidiary of Defendant Asset Acceptance Capital Corp. and is operated by Defendant Encore Capital Group, Inc. All acts done by Asset Acceptance, LLC were done on behalf and at the direction of Defendants Encore Capital Group, Inc. and Asset Acceptance Capital Corp.

8. Defendants Encore Capital Group, Inc., Asset Acceptance Capital Corp., and Asset Acceptance, LLC each participated in and contributed to the damages caused to the Plaintiff. The Defendants are jointly and severally liable for all damages caused to the Plaintiff.

## **FACTUAL ALLEGATIONS**

9. On March 14, 2005, the Plaintiff was sued by Defendant Asset Acceptance, LLC in the District Court of Madison County, Alabama. A default judgment was entered on April 12, 2005. See Exhibit A.

10. On August 16, 2005, Defendant Asset Acceptance, LLC executed on the judgment by instituting a garnishment. See Exhibit B. Nothing further was done on this judgment over the following 10 years.

11. On September 3, 2015, more than 10 years after the last execution, Defendant Asset Acceptance, LLC executed on the judgment. See Exhibit C.

12. On or about September 14, 2015, the Plaintiff received a message from an individual in his payroll department that she needed to see the Plaintiff. The individual, who was not only a co-worker but a friend for a number of years, informed the Plaintiff that a garnishment by Defendant Asset Acceptance, LLC, had been served and that withholding would begin on the following paycheck. The Plaintiff was completely taken by surprise since he had not received any communication from Defendant Asset Acceptance, LLC in more than ten years. The Plaintiff was embarrassed to be told of such actions by a co-worker and friend.

13. On September 17, 2015, the Plaintiff filed a motion to terminate garnishment and declare judgment satisfied. See Exhibit D.

14. On November 3, 2015, the District Court of Madison County, Alabama entered an order setting aside the garnishment that had been issued on August 16, 2015. See Exhibit E.

15. On November 11, 2015, Defendant Asset Acceptance, LLC filed a motion to renew judgment pursuant to Alabama Code 6-9-190, et seq. (1975), which provides that a party cannot renew a judgment after the lapse of twenty years from its entry. See Exhibit F.

16. On November 12, 2015, the Plaintiff filed an opposition to renew judgment. See Exhibit G.

17. Alabama Code 6-9-192 provides that no execution shall issue on a judgment of the district or circuit court on which an execution has not been sued out within 10 years of its entry until the same has been revived by appropriate motion or action under the Alabama Rules of Civil Procedure.

18. On February 10, 2016, the District Court of Madison County, Alabama entered an order of satisfaction of judgment denying Defendant Asset Acceptance, LLC's motion for renewal of judgment and ordering that the judgment dated April 12, 2005 is deemed satisfied and is forever released.

See Exhibit H.

19. Defendants negligently and willfully violated numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e(2), 1692e(5), 1692f, and 1692f(1), amongst others.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

20. The Plaintiff adopts the averments and allegations of paragraphs 9 through 19 hereinbefore as if fully set forth herein.

21. Defendants, through their own acts, by and through their agents and employees, and their policies and procedures, have engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiff and his alleged consumer debt.

22. Defendants falsely represented the character, amount, and/or legal status of the alleged debt, violating 15 U.S.C. § 1692e(2).

23. Defendants served on the Plaintiff and filed an affidavit containing false and misleading statement as proof of the existence, amount and status of an alleged debt in violation of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

24. Defendants attempted to collect an amount not permitted by law in violation of 15 U.S.C. § 1692f(1).

25. As a result of Defendants' acts, the Plaintiff has suffered actual and compensatory damages. The Plaintiff has suffered invasion of privacy, embarrassment, mental anxiety, emotional suffering, worry, humiliation and mental distress.  In addition, the Plaintiff has incurred out of pocket expenses, litigation expenses and attorneys' fees which, but for the acts of Defendants alleged herein, would not have been necessary.  Further, Defendants' acts were willful and demonstrate a reckless disregard for the Plaintiff's rights.  Therefore, Defendants are liable to the Plaintiff for punitive damages.

## COUNT TWO
## INVASION OF PRIVACY

26. The Plaintiff adopts the averments and allegations in paragraphs 9 through 25 hereinbefore as if fully set forth herein.

27. The Defendants undertook and/or directed communications to the Plaintiff's employer constituting an invasion of privacy, as set out and described in the common law of the State of Alabama.  Said communication was made in disregard for the Plaintiffs right to privacy. Said communication was made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into paying an alleged debt.

28. Said invasion was intentional, willful, and malicious and violated the

Plaintiff's privacy. The Plaintiff avers that the communication was made by various individuals who were employees of and acting on behalf of the named Defendants.

29. As a result of such invasion of the right of privacy, Plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial from each and every Defendant.

## COUNT THREE
## CONVERSION

30. The Plaintiff adopts the averments and allegations of paragraphs 9 through 29 hereinbefore as if fully set forth herein.

31. Defendants willfully, intentionally and unlawfully garnished the Plaintiff's wages for their own use and benefit. The funds were wrongfully garnished without the Plaintiff's prior knowledge or consent, and without any legal right to do so.

32. Said funds belonged to the Plaintiff and he was denied use of these funds by the Defendants for a period of time.

33. As a result of the Defendants' actions, the Plaintiff has suffered damages, including actual damages, mental anguish, physical sickness and suffering, embarrassment and humiliation.

## COUNT FOUR
## NEGLIGENT TRAINING AND SUPERVISION

34. The Plaintiff adopts the averments and allegations in paragraphs 9 through 33 hereinbefore as if fully set forth herein.

35. Defendants knew or should have known of their inadequate training and supervision. If Defendants had properly trained and supervised their employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiff would not have occurred.

36. Defendants knew or should have known that the conduct of their employees, agents, and/or assigns was improper.

37. Defendants negligently failed to train and supervise their employees, agents, and/or assigns in order to prevent said improper conduct.

38. As a result of Defendants' negligence, the Plaintiff suffered embarrassment, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT FIVE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

39. The Plaintiff adopts the averments and allegations of paragraphs 9 through 38 hereinbefore as if fully set forth herein.

40. Defendants knew or should have known of their inadequate training and

supervision. If Defendants had properly trained and supervised their employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiff would not have occurred.

41. Defendants recklessly and wantonly failed to train and supervise their employees, agents, and/or assigns in order to prevent said improper conduct.

42. Defendants recklessly and wantonly failed to train and supervise their employees, agents, and/or assigns in order to prevent said improper conduct. As a result of the Defendants' recklessness and wantonness, the Plaintiff suffered embarrassment, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against Defendants for the following:

A. Actual damages for Defendants' violations of the FDCPA;

B. Statutory damages of $1,000.00 from each Defendant pursuant to 15 U.S.C. §1692k;

C. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k;

D. Compensatory damages in an amount to be determined by a struck jury on Plaintiff's claims for damages due to the Defendants' invasion

of privacy; conversion; negligent training and supervision of employees; and reckless and wanton training and supervision;

E. Punitive damages in an amount to be determined by a jury;

F. For such other and further relief as the Court may deem just and proper.

/s/Ronald C. Sykstus
Ronald C. Sykstus
Attorney for Plaintiff

**OF COUNSEL**:
BOND, BOTES, SYKSTUS, TANNER & EZZELL, P.C.
225 Pratt Avenue
Huntsville, AL 35801
(256) 539-9899
(256) 539-9895 Facsimile
rsykstus@bondnbotes.com


/s/Penny Hays Cauley
Penny Hays Cauley
Attorney for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
1303 West Evans Street
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

/s/Ronald C. Sykstus
Ronald C. Sykstus

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL:**
Encore Capital Group, Inc.
c/o Registered Agent, CSC Lawyers Incorporating Service, Inc.
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

Asset Acceptance Capital Corp.
c/o Registered Agent, CSC Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, Alabama 36104

Asset Acceptance, LLC
c/o Registered Agent, CSC Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, Alabama 36104